[Cite as *State v. Johnson*, 2024-Ohio-3108.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff- Appellee, :

                          No. 113359

      v. :

ROBERT JOHNSON, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 15, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-678385-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Wegman Hessler Valore and Dean M. Valore*, for appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant Robert Johnson appeals his convictions for two counts of rape, one count of attempted rape, one count of importuning, and a finding

that he is a sexually violent predator.   Because the convictions and findings are based on sufficient evidence and are not against the manifest weight of the evidence and because the trial court did not abuse its discretion in prohibiting certain evidence, we affirm the judgment of the trial court.

I.      STATEMENT OF THE CASE AND RELEVANT FACTS

A.      Procedural History

{¶ 2}   On February 6, 2023, Johnson was indicted for four offenses against minor children.  Count 1 of the indictment alleged the rape of T.G., in violation of R.C. 2907.02(A)(1)(b) with a furthermore finding that T.G. was less than ten years of age and with a notice of prior conviction, a repeat violent offender specification, and a sexually violent predator specification.  Count 2 alleged the rape of A.J., in violation of R.C. 2907.02(A)(1)(b) with a furthermore finding that A.J. was less than ten years of age and with a notice of prior conviction, a repeat violent offender specification, and a sexually violent predator specification.  Count 3 alleged the rape of S.G. in violation of R.C. 2907.02(A)(2) by force or threat of force, with a notice of prior conviction, repeat violent offender specification, and a sexually violent predator specification.  Count 4 alleged the offense of importuning in violation of R.C. 2907.07(B)(1), with a furthermore finding that S.G., the victim, was between the ages of 13 and 16 years old and that Johnson  had previously been convicted of sexually oriented offense or child-victim oriented offense.

{¶ 3}   Prior to the start of trial on September 20, 2023, Johnson elected to try the notice of prior conviction, repeat violent offender, and sexually violent

predator specifications as well as the furthermore finding that Johnson had been previously convicted of a sexually oriented or child-victim offense to the trial court. At the end of trial, the State moved to amend Count 1 of the indictment to attempted rape pursuant to R.C. 2903.02 and 2907.02(A)(1)(b).

{¶ 4} On September 26, 2023, Johnson was convicted by the jury of four offenses: attempted rape, a felony of the first degree in violation of R.C. 2923.02 and 2907.02(A)(1)(b) with a finding that the victim was less than ten years of age; rape, a felony of the first degree in violation of R.C. 2907.01(A)(1)(b) with a finding that the victim was less than ten years of age; rape, a felony of the first degree in violation of 2907.01(A)(2); and importuning, a felony of the fourth degree in violation of R.C. 290707(B)(2). On October 19, 2023, the trial court found Johnson guilty of the prior conviction, repeat violent offender, and sexually violent predator specifications as well as finding Johnson had been previously convicted of a sexually oriented or child-victim offense to the trial court.

{¶ 5} On October 30, 2023, the trial court sentenced Johnson to a term of imprisonment of 11 years to life for attempted rape, life without the possibility of parole for rape, ten years to life for rape, and to 18 months in prison for importuning and ordered all sentences to run consecutively. In ordering the sentences to be served consecutively, the trial court found that consecutive service of the prison term was necessary to protect the public from future crime or to punish Johnson, that the consecutive sentences are not disproportionate to the seriousness of Johnson's conduct and to the danger he poses to the public, and that Johnson's history of

criminal conduct demonstrated consecutive sentences are necessary to protect the public from future crime by him.

B.       TESTIMONY AND EVIDENCE AT TRIAL

1.       The Victims' Testimony

{¶ 6}    T.G., the listed victim in Count 1 of the indictment, was born on December 25, 2012.  She testified that Johnson was her grandfather and that at some time in 2021 Johnson used to play a game with her.  He would put a blindfold on her, and she would have to guess the flavor of a sucker he placed in her mouth.  If she guessed correctly, she would get to keep the sucker.  However, when she guessed wrong, Johnson would "try to put 'it' in [her] mouth and [she] would move [her] head." T.G. said "it" was what "boys used to pee." She also testified she could see under the blindfold and saw what Johnson was attempting to do.  When Johnson tried to put "it" in her mouth, she told him that she was going to leave.  At that point, Johnson got angry and as soon as she started to get up, Johnson took the blindfold off.  T.G.'s mother, T.J., came home and T.G. told her what had occurred.

{¶ 7}    A.J., the listed victim in Count 2 of the indictment, was born on July 11, 2011.  She testified Johnson was her grandfather and she would play "the sucker game" with him.  She said Johnson would put a blindfold on her, pick a sucker, and place it in her mouth and she would have to guess the flavor.  If she guessed correctly, nothing would happen, but when she guessed incorrectly, Johnson would put "it" in her mouth.  By "it," A.J. said it was his "thing" that boys used to go pee.  She also said she was able to see "it" through the blindfold.  When

this happened, "it" would be in her mouth for a few seconds. A.J. did not tell her mother, T.J., right away because she was scared. She eventually told her what happened, and T.J. confronted Johnson and also spoke to a social worker.

{¶ 8} S.G., the listed victim in Count 3 of the indictment, was born on June 23, 2007. She testified Johnson is her grandfather and that around November 2021, she and her sisters went to live with Johnson. She would either sleep in Johnson's daughter's room or the living room. When in the living room, she would sleep on an air mattress between the TV and the couch. One night, while sleeping in the living room, she was woken up by Johnson. He asked her questions like was she a virgin or if she had ever had sex with anybody? He laid down next to her and started to take her bra off; he reasoned that it would make her more comfortable. Johnson put his hands under her sleeping dress and touched her vagina. S.G. said he placed his fingers inside and stopped the moment she pushed him away. Johnson left her and then fell asleep on the couch. She told her sisters about the incident soon after.

{¶ 9} S.G. also testified to another incident with Johnson. She said that when she was 14 years old, she was in the car with him at the store picking something up for the house. While in the car, Johnson was on Google and typing things into Google so she could read them. He typed things like if she was ok having sex with him. When she told him no, he would type that "she could just do oral." She typed back that she was still his granddaughter and eventually she said no to him asking for sex. She eventually told her aunt what had happened with Johnson.

2.    Other Testimony and Evidentiary Rulings Relevant to This Appeal

{¶ 10} Johnson's daughter, T.J., testified at trial.  She stated her daughters T.G. and  A.J. told her different stories about what had happened with Johnson and that they had lied.  She said she told social workers about this.  She also testified that prior to the current investigation by Cuyahoga County Children and Family Services ("CCDCFS"), there was a separate investigation in which she received a disposition letter finding that the previous matters were unsubstantiated.

{¶ 11} CCDCFS investigator Re'Gine Wells testified she was assigned the family's case and filed a police report in the City of Cleveland.  Wells found the allegations she investigated to be indicated.  She explained that finding is based on "circumstantial or maybe isolated indicators of child abuse and neglect, so that can be a credible and consistent disclosure by a child, but we're lacking the corroborating evidence."  When asked about the family's history with CCDCFS on cross-examination, Wells stated there was prior involvement and she had given the activity log from that involvement to the police when making a report.

{¶ 12} When cross-examining Wells, Johnson's trial counsel attempted to introduce statements made by T.J. to another CCDCFS worker that were contained in the activity log appended to the police report.  Trial counsel argued for admission of the police report and attached the CCDCFS activity log and proffered that the CCDCFS activity log and police report contained statements by T.J. that her daughters, T.G. and A.J., had not been truthful and changed their stories about what had happened.

{¶ 13} Further, trial counsel proffered that the prior CCDCFS investigation centered on allegations of abuse, not sexual abuse, and they were found to be unsubstantiated. Trial counsel also proffered that during that prior investigation, T.J. informed CCDCFS that A.J. had a history of lying and was in counseling for behavioral problems. Trial counsel further proffered that the time periods of the two CCDCFS investigations overlapped. Robin Johnson, S.G.'s guardian, testified. During her cross-examination, trial counsel was prohibited from eliciting testimony from her that S.G. had previously been propositioned for sex and immediately disclosed this event.

{¶ 14} Cleveland Police Detective Serene Saffo testified to investigating the case and that she was unable to schedule a forensic interview because she could not get parental consent. She further testified that she interviewed Johnson, and a video of the interview was played to the jury. Within the interview, Johnson denied sexual involvement but admitted to playing the game with suckers.

3. Sexually Violent Predator Specification Hearing

{¶ 15} Cleveland Police Detective Karl Lessman testified that he investigated Johnson in 2002 and that, as a result, Johnson was charged in Cuyahoga C.P. No. CR-02-422879 for the rape of his three daughters, who were then ages 11, 12, and 13 years old. The journal entry of conviction in that case was entered into evidence and indicated Johnson pleaded guilty to three counts of rape.

{¶ 16} The State argued Johnson's findings of guilt in this case coupled with his prior conviction from 2002 satisfied R.C. 2971.01(H)(2)(a)'s requirement of two

or more convictions in two or more criminal actions. The State further argued pursuant to R.C. 2971.01(H)(2)(c) that Johnson was a chronic offender and that Johnson exhibited a pattern of offending when he had access to young girls.

{¶ 17} Johnson's trial counsel argued that the 2002 convictions could not be applied to satisfy R.C. 2971.01(H)(2)(a)'s requirement of at least two convictions in two or more criminal cases. Defense counsel also argued that the 20-year gap between prosecutions worked against finding chronic commission of sexually motivated offenses pursuant to R.C. 2971.01(H)(2)(c). The trial court found appellant guilty of the sexually violent predator specifications.

II.     LAW AND ARGUMENT

A.     Johnson's Convictions are Based on Sufficient Evidence and are Not Against the Manifest Weight of the Evidence

{¶ 18} Johnson's first and second assignments of error read:

Appellant's convictions are not supported by sufficient evidence.

Appellant's convictions are against the manifest weight of the evidence.

{¶ 19} We review challenges to the sufficiency of evidence to determine whether the evidence, if believed, would convince the average person of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*. Our review of the evidence is not to determine "whether the

state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 390 (1997). "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Whitfield*, 2022-Ohio-4205, ¶ 14 (8th Dist.).

{¶ 20} Johnson argues that his convictions rest solely on the testimonies of the victims, that two of the victims' testimony was contradicted by another witness, and that the third victim's testimony was facially incredible. He further asserts that there was an insufficient investigation by CCDCFS. However, a victim's testimony alone is sufficient to sustain a conviction; there is no requirement that a rape victim's testimony be corroborated. *State v. McSwain*, 2017-Ohio-8489, ¶ 34 (8th Dist.), citing *State v. Blankenship*, 2001 Ohio App. LEXIS 5520 (8th Dist. Dec. 13, 2001).

{¶ 21} In considering a claim that a conviction is not supported by sufficient evidence, we are not to consider issues of credibility; rather we determine whether the evidence, if believed, goes to each element of the offense. *Jenks* at paragraph two of the syllabus. Moreover, inconsistencies in a witness's testimony do not automatically entitle a defendant to a reversal of conviction. *State v. Solomon*, 2021-Ohio-940, ¶ 62 (8th Dist.).

{¶ 22} In this case, T.G., A.J., and S.G. each testified to the elements of the offenses to which Johnson was convicted. As such, we find there was sufficient evidence to sustain the convictions and the first assignment of error is overruled. *See McSwain*.

**{¶ 23}** A manifest weight challenge to a conviction asserts that the state has not met its burden of persuasion in obtaining the conviction. *Thompkins,* 78 Ohio St.3d at 390. Such challenge raises factual issues, and our review is as follows:

> "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."

*Id.* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). "Sitting as the 'thirteenth juror,' the court of appeals considers whether the evidence should be believed and may overturn a verdict if it disagrees with the trier of fact's conclusion." *State v. Jordan*, 2023-Ohio-3800, ¶ 17.

**{¶ 24}** In arguing that his convictions are against the manifest weight of the evidence, Johnson reiterates his arguments that his convictions were not supported by sufficient evidence. As to his conviction for attempted rape, he alleges that the conviction is against the manifest weight due to the change in T.G.'s testimony and in consideration of her prior statement to CCDCFS investigators. As to the rape of T.J., he asserts that T.J.'s testimony was inconsistent with prior statements made. As to the rape of S.G., he argues that the testimony was incredible because S.G. alleged the rape occurred in the presence of other people to whom S.G. could have "gone to for help." As to his conviction for importuning, he again asserts that S.G.'s testimony was uncorroborated. He asserts that the lack of credibility by the victims

and the CCDCFS finding that the allegations were only substantiated combined to make the verdicts against the manifest weight of the evidence. Johnson further argues his convictions are against the manifest weight of the evidence because T.J.'s testimony contradicted the victims and the jury was deprived of seeing the police report and from hearing the details and results of the prior CCDCFS investigation.

{¶ 25} Having reviewed the entire record and in consideration of the victims' credibility, we cannot conclude their testimony was not persuasive or that the jury lost its way in entering convictions. Although there were inconsistencies in some aspects of the victims' testimony and such was contradicted by T.J.'s testimony, we do not find those inconsistencies or contradictions irreconcilable with a finding of guilt for each of the offenses to which Johnson was convicted. Further, Johnson's statement served to corroborate the context of when his offenses occurred where he admitted to playing the lollipop game. As to the CCDCFS finding, Wells testified that she found the allegations to be indicated and explained the reason for such finding. However, the CCDCFS findings are not evidence that Johnson did or did not commit the offenses for which he was tried and the jury was to determine whether Johnson committed the offenses charged beyond a reasonable doubt. And although Johnson asserts that his proffered testimony bolsters his assertion that his convictions were against the manifest weight of the evidence, we will not do so. We are tasked with considering the evidence at trial to determine if a verdict is against the manifest weight of the evidence and the jury lost its way.

{¶ 26} The second assignment of error is overruled.

B.  The Trial Court Did Not Abuse Its Discretion In Prohibiting The Introduction of CCDCFS Records Attached To The Police Report

{¶ 27} Johnson's third assignment of error reads:

The Trial Court Erred to Appellant's Prejudice by Barring the Presentation of Admissible Defense Evidence

{¶ 28} The exclusion of evidence is within the discretion of the trial court. *State v. Payne*, 2019-Ohio-4158, ¶ 38 (8th Dist.), citing *State v. Sage*, 31 Ohio St.3d 173, 180 (1987). The reviewing court will not reverse a decision to exclude evidence absent an abuse of discretion. *Id.* Johnson argues that the trial court abused its discretion by not allowing him, on hearsay grounds, to introduce a police report that contained CCDCFS notes that in turn contained statements made by T.J. Evid.R. 801(C) defines hearsay as an out-of-court statement offered for the truth of the matter asserted.

{¶ 29} Johnson asserts the police report and the CCDCFS attachment should have been admitted because it fell under several exceptions to the hearsay rule. Johnson argues that the report was a public record or report pursuant to Evid.R. 803(8). However, Evid.R. 803(8)(b) provides that public records, reports, and statements are admissible hearsay, even though the declarant is available as a witness, when they constitute

matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness.

Johnson has not alleged that the statements by T.J. that he sought to introduce were made by law enforcement personnel, and as such, they fall outside this exception.

{¶ 30} Johnson further argues that the CCDCFS notes should have been admitted as business records under Evid.R. 803(6). However, "[p]olice reports are generally inadmissible hearsay and should not be submitted to the jury." *State v. Hall,* 2012-Ohio-266, ¶ 12 (8th Dist.), citing *State v. Leonard,* 2004-Ohio-6235. Further, the police report and CCDCFS notes record T.J.'s statements about what her daughters said to her. Even if the police report and CCDCFS record were admissible under this exception, "[h]earsay within hearsay occurs when an out-of-court statement contains another out-of-court statement." *State v. Carnegie*, 2024-Ohio-1892, ¶ 17 (8th Dist.), citing Evid.R. 805.

{¶ 31} Johnson also argues that the CCDCFS notes should have been admitted pursuant to Evid.R. 803(4) because the notes were compiled for purposes of diagnosis and treatment. However, there is no evidence the statements made by T.J. were made for diagnosis or treatment. Johnson also asserts the police report should have been admitted pursuant to Evid.R. 803(5), which provides for admission of a recorded recollection where a witness does not have sufficient recollection to testify fully and accurately. However, Johnson did not argue that T.J. did not recall making the statements he sought to introduce. *See State v. Beckwith*, 2016-Ohio-3267, ¶ 17 (8th Dist.) (Use of recorded recollection requires a showing that the witness has insufficient memory to accurately testify to the information.).

{¶ 32} Finally, Johnson argues that Evid.R. 1004 allowed admission of the report because it provided evidence of the contents of statements in possession of the State and CCDCFS. Evid.R. 1004 allows for the admission of other evidence of contents of a writing, recording, or photograph where an original is lost and where the original is *otherwise* admissible. Because Johnson has not shown that either the police report was lost nor that the statements contained within were otherwise admissible, Evid.R. 1004 does not provide a means to admit the police report.

{¶ 33} Johnson alleges that he was prejudiced at trial because, in addition to not presenting the jury with the police report containing T.J.'s statements, the trial court would not let him enter the results of the prior CCDCFS investigation or the fact that S.G. had immediately reported a prior sexual proposition. However, T.J. testified as to her daughters' statements and the result of the prior CCDCFS investigation. Further, the trial court found that evidence of S.G.'s prior incident with an adult soliciting sex was not relevant. Although the issue of the timing of the report by S.G. of a proposition may have been marginally relevant in considering S.G.'s delayed reporting of Johnson's proposition and his sexual acts, we cannot say the trial court abused its discretion in prohibiting that evidence.

{¶ 34} The third assignment of error is overruled.

C.   The Trial Court Properly Found Johnson to Be a Sexually Violent Predator

{¶ 35} Johnson's fourth assignment of error reads:

The trial court erred in finding Appellant guilty of the sexually violent predator specifications.

{¶ 36} Johnson argues the trial court erred in finding him to be a sexually violent predator because he only had one prior conviction for a sexual offense pursuant to R.C. 2971.02(H)(2)(a). He further argues the evidence did not support the statutory factors that he would likely reoffend. The State argues that the trial court could consider his convictions in this case to determine him to be a sexually violent predator and that the trial court properly found him guilty of the specification.

{¶ 37} R.C. 2971.01(H)(1) provides the definition of sexually violent predator:

> "Sexually violent predator" means a person who, on or after January 1, 1997, commits a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses.

{¶ 38} R.C. 2941.148(B) provides that "all of the factors set forth in divisions (H)(1) to (6) of section 2971.01 of the Revised Code that apply regarding the person may be considered as evidence tending to indicate that it is likely that the person will engage in the future in one or more sexually violent offenses." R.C. 2971.01(H)(2)(a) requires that an offender to have been "convicted two or more times, in separate criminal actions, of a sexually oriented offense or a child-victim oriented offense."

{¶ 39} Johnson's convictions for rape are sexually violent offenses pursuant to R.C. 2971.01(L). He was convicted in a prior case of sexually violent offenses. Johnson concedes that we held in *State v. Brown*, 2013-Ohio-1982, ¶29 (8th Dist.), that a trial court may consider the current guilty verdicts as one of the convictions

in determining whether the offender has been convicted two or more times, in separate criminal actions, of a sexually oriented offense or a child-victim oriented offenses pursuant to 2971.01(H)(2)(a).

{¶ 40} Johnson also alleges that the trial court could not find him to be a sexually violent predator because several of the other factors listed in R.C. 2971.01(H)(2) did not apply. The other factors that the trial court could consider as evidence in R.C. 2971.01(H) read in relevant part:

> (b) The person has a documented history from childhood, into the juvenile developmental years, that exhibits sexually deviant behavior.
>
> (c) Available information or evidence suggests that the person chronically commits offenses with a sexual motivation.
>
> (d) The person has committed one or more offenses in which the person has tortured or engaged in ritualistic acts with one or more victims.
>
> (e) The person has committed one or more offenses in which one or more victims were physically harmed to the degree that the particular victim's life was in jeopardy.
>
> (f) Any other relevant evidence.

The absence of one or more of these factors will not make a finding of guilt insufficient. *State v. Belle*, 2019-Ohio-787, ¶ 36 (8th Dist.).

{¶ 41} Johnson specifically argues that there was insufficient evidence to sustain the trial court's finding of guilt on the sexually violent predator specification because there was no evidence to support the factors listed in R.C. 2971.01(H)(2)(b), (d), or (e). He further asserts the trial court could not find that he "chronically" commits offenses with a sexual motivation because his prior convictions were

20 years in the past. In addressing a pattern of behavior, the prosecutor argued to the trial court that his prior convictions were against his children and then when Johnson had access to young girls again, he took advantage of them. Moreover, the court was free to consider the evidence that Johnson offended against several minor children. Viewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found, beyond a reasonable doubt, that appellant was a sexually violent predator.

{¶ 42} The fourth assignment of error is overruled.

III. CONCLUSION

{¶ 43} Johnson's convictions for attempted rape, rape, and importuning were based on sufficient evidence because the victims testified to the elements of each offense committed. We cannot say his convictions were against the manifest weight of the evidence or the jury lost the way where the victims' testimony was not wholly incredible and aspects of their testimony was corroborated by other evidence. The trial court did not abuse its discretion by not allowing Johnson to introduce the police report and CCDCFS activity log where the report did not fall under a hearsay exception and Johnson did not show the statements within the report satisfied an exception to the hearsay rule. Finally, the trial court did not err in determining Johnson was a sexually violent predator where he was convicted in the past of the rape of three of his daughters who were of a similar age to the victims, his granddaughters, in the present case.

{¶ 44} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR